Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2020 12:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Case 2:20-cv-08567-VAP-PD   Document 1-1   Filed 09/18/20   Page 1 of 17   Page ID #:16

20STCV30280

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

> To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DENNY'S INC., a Florida corporation; DFO, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERTO CARDENAS, an individual.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk - Central District<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**20STCV30280** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yoosefian Law Firm, P.C., 135 S. Jackson St., Suite 203, Glendale, CA 91205, (818) 275-1529

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 08/11/2020 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by M. Barel | , Deputy |
| | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

For your protection and privacy, please press the Clear This Form

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elizabeth Feffer

Electronically FILED by Superior Court of California, County of Los Angeles on 08/11/2020 12:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Ronald Yoosefian, Esq. (SBN 270215)
Susana Oganesian, Esq. (SBN 313893)
Frank Gerald Chica, Esq. (SBN 316882)
**YOOSEFIAN LAW FIRM, P.C.**
135 South Jackson Street, Suite 203
Glendale, California 91205
Telephone: (818) 275-1529
Facsimile: (818) 275-1747

*Attorneys for Plaintiff,*
Roberto Cardenas

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## LOS ANGELES COUNTY, CENTRAL DISTRICT

| | |
|---|---|
| **ROBERTO CARDENAS**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**DENNY'S, INC.**, a Florida corporation; **DFO, LLC**, a Delaware limited liability company; and **DOES 1 through 50, inclusive**,<br><br>Defendants. | Case No.: 20STCV30280<br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAILURE TO PROVIDE MEAL BREAKS;<br><br>2. FAILURE TO PROVIDE REST BREAKS;<br><br>3. FAILURE TO PAY WAGES;<br><br>4. FAILURE TO PAY OVERTIME;<br><br>5. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;<br><br>6. VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200-17208;<br><br>7. RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;<br><br>8. WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ROBERTO CARDENAS, (hereinafter referred to as "Plaintiff"), hereby complains and alleges as follows:

## PARTIES

1.  At all times relevant, Plaintiff, ROBERTO CARDENAS, is an individual who

**COMPLAINT FOR DAMAGES**

1    resides in the State of California, County of Los Angeles.

2       2.    Plaintiff is informed and believes and thereon alleges that Defendant, DENNY'S

3    INC., is a Florida corporation (hereinafter referred to as "DI"), located and doing business at 203

4    East Main Street, Spartanburg, South Carolina 29319.

5       3.    Plaintiff is informed and believes and thereon alleges that Defendant, DFO, LLC,

6    is a Delaware limited liability company (hereinafter referred to as "DFO"), located and doing

7    business at 203 East Main Street, Spartanburg, South Carolina 29319.

8       4.    Plaintiff is informed and believes and thereon alleges that Defendants,

9    collectively, also do substantial business at various locations throughout California, including but

10   not limited to 12861 Encinitas Avenue, Sylmar, California 91342.

11      5.    The true names and capacities of the Defendant(s) named herein, as DOES 1

12   through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to

13   Plaintiff, who therefore sues said Defendant(s) by such fictitious names. Plaintiff will amend this

14   Complaint to add their true names and capacities when the same have been ascertained.

15      6.    Plaintiff is informed and believes and thereon alleges, that each DOE named

16   herein is an employee, agent, partner, employer, predecessor, successor, assign, attorney,

17   associate, joint venturer and/or co-conspirator of the named Defendant and at all times herein

18   mentioned was acting within such agency, association, partnership, venture, employment

19   relationship, and/or conspiracy and that any reference to "defendant" or "Defendant" or

20   "Defendants" shall mean "Defendants and each of them."

21      7.    Plaintiff is informed and believes and thereon alleges, that each of such

22   fictitiously named Defendant(s) are responsible in some manner for the occurrences herein

23   alleged, and that Plaintiff's damages as herein alleged were proximately caused by such

24   Defendant(s).

25                                    **GENERAL ALLEGATIONS**

26      8.    From on or about November 17, 2017 up to and including February 6, 2019,

27   Plaintiff was employed with Defendants. At all times relevant, Plaintiff would have to carry out

28   his employment responsibilities and duties, as both a Service Assistant and Cook.

---

2

9.      As a requirement of his employment with Defendants, Plaintiff was regularly required to not only work hour(s), notably before and after his working shift, but would not be afforded an opportunity to take all uninterrupted meal and rest breaks, and would be required to work such overtime hours without receiving all appropriate compensation. Plaintiff would receive such instructions by Defendants' upper management personnel, including but not limited to Raul Aguirre.

10.     As such, Plaintiff was required to continue working through and/ or was regularly interrupted during his allotted meal and rest breaks to accomplish his employment tasks. Based on such occurrences, in or around December 2018, Plaintiff sought relief and complained about the aforementioned working conditions to Aguirre, stating that it wasn't fair to work without receiving "all of his right overtime pay, and all of his breaks." Aguirre's only response to Plaintiff, "I'll try to look into it."

11.     Unfortunately, Plaintiff's complaints were altogether dismissed, and Plaintiff did not receive a response. Consequently, Plaintiff continued working under such conditions.

12.     In the beginning of February 2019, Plaintiff was retaliated against, and amongst other acts of misconduct, was told by Defendants' manager/ supervisor, named Missy Saathoff, that his working hours would be cut, and he'd only be allotted three (3) days of work moving forward. Saathoff failed to give a proper underlining basis for Defendants' decision.

13.     As Plaintiff was made to undergo such intolerable and aggravated working conditions, and after Plaintiff made his complaints and oppositions regarding the aforementioned, Defendants proceeded to wrongfully and constructively terminate Plaintiff's employment, occurring on or about February 6, 2019.

14.     As stated hereinabove, Plaintiff was working without being provided a meal period of at least thirty (30) minutes per five (5) hours worked and without compensation of one (1) hour of pay for each workday that a meal period was not provided. Plaintiff had been working without being authorized or permitted to take a rest period of at least ten (10) minutes per every four (4) hours worked and without compensation of one (1) hour of pay for each workday that a rest period was not provided. Plaintiff had been working without receiving an

accurate itemized wage statement that reflected all regular and overtime hours actually worked, and meal and/or rest period premium payments. The aforementioned occurred throughout Plaintiff's employment with Defendants.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS

#### (Against All Defendants)

15.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

16.     Plaintiff was not provided with meal periods as required by California Labor Code § 226.7, 512 and Industrial Welfare Commission Wage Orders.

17.     Throughout the statutory period alleged herein, Plaintiff regularly worked more than five (5) hours during a work period without being allowed to take a mandatory thirty (30) minute meal break for each five (5) hours of work, as required by California law, and without being compensated for missing such meal periods. See *Brinker Restaurant Corp., et al. v. Superior Court* (2012) 52 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to taken an uninterrupted 30-minute break, and does not impede or discourage them from doing so… [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.")

18.     Throughout the time Plaintiff was employed with Defendants, Defendants discouraged, dissuaded, impeded and failed to provide Plaintiff with uninterrupted meal periods of not less than thirty (30) minutes as required by the Labor Code and failed to provide Plaintiff with a one (1) hour of premium pay for each day they failed to provide a meal period.

19.     The working conditions and work schedules at Defendants' employment location deprived Plaintiff a meaningful opportunity to take his meal breaks, as required by California law. More so, Plaintiff was consistently interrupted during his meal period(s) to accomplish tasks

YOOSEFIAN
LAW FIRM, P.C.
135 SOUTH JACKSON STREET, SUITE 203
GLENDALE, CALIFORNIA 91205

and responsibilities, as mandated by Defendants. These practices occurred throughout Plaintiff's employment with Defendants.

20.     As a condition of maintaining his employment with Defendants, Defendants regularly required Plaintiff to work through his meal period(s), was interrupted during his meal break(s), and/or was given little to no appropriate time to take such breaks.

21.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

#### (Against All Defendants)

22.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

23.     At all times relevant, Plaintiff was not authorized or permitted to take a full, uninterrupted ten-minute rest period for every four (4) hours worked. Essentially, Plaintiff remained on duty or was called back into duty to work before the end of his ten (10) minute rest break(s). *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shift from three and one-half to six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.") As a result, Plaintiff was always on duty, subject to Defendants' control, even when he was on his purported "breaks," which in any event were often less than ten (10) minutes or not permitted at all.

24.     Plaintiff was not paid the required premium pay for days in which he worked at least three (3) and one-half hours and was not authorized or permitted to take a full, uninterrupted ten-minute rest break(s) for every four (4) hours of work or major fraction thereof. Such practices occurred throughout Plaintiff's employment with Defendants.

25.     The working conditions and/or work schedules at Defendants' employment location deprived Plaintiff a meaningful opportunity to take his rest break(s) as required by California law. Throughout his employment with Defendants, Plaintiff was consistently

YOOSEFIAN LAW FIRM, P.C.
135 SOUTH JACKSON STREET, SUITE 203
GLENDALE, CALIFORNIA 91205

5

interrupted during his rest period(s) to accomplish tasks and duties, as mandated by Defendants, including but not limited to Aguirre.

26.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES

### (Against All Defendants)

27.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

28.     Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

29.     "[A]n employer is not entitled to a setoff of debts owing it by an employee against any wages due that employee." (*Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 6.)

30.     Defendants were required to pay Plaintiff for all hours worked, meaning the time during which an employee is subject to the control of an employer. Accordingly, throughout his employment with Defendants, Plaintiff was under the direct control of Defendants' regulations and management throughout his working day.

31.     Defendants' practice of failing to pay Plaintiff for his labor is unlawful and creates an entitlement, pursuant to Labor Code § 218, to recovery of the unpaid balance of the full amount of the straight time compensation owing.

32.     Plaintiff was damaged by not receiving all compensation which Plaintiff should have received but did not. Plaintiff is entitled to receive his compensation, together with pre-judgment interest, attorney's fees and costs of suit.

### FOURTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

### (Against All Defendants)

33.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

YOOSEFIAN
LAW FIRM, P.C.
135 SOUTH JACKSON STREET, SUITE 203
GLENDALE, CALIFORNIA 91205

34.     Throughout the statutory period alleged herein, Plaintiff regularly worked in excess of eight (8) hours per day and in excess of forty (40) hours per workweek. However, Defendants failed to provide Plaintiff with all overtime compensation for all hours worked in excess of eight (8) hours per day. In addition, Defendants failed to provide Plaintiff with all overtime compensation for all hours worked in excess of forty (40) hours per workweek.

35.     At times during Plaintiff's employment with Defendants, Plaintiff worked in excess of eight (8) hours per day and/or forty (40) hours per week without receiving all overtime compensation. To that extent, Plaintiff would be required to fulfill tasks and duties before his working shift began and/ or after clocking out of his working shift.

36.     Labor Code § 510 and Industrial Welfare Commission Wage Order 8-2001 and 17-2001 requires that all workers be compensated for all hours worked, including overtime premium pay for overtime hours worked (Labor Code Section 510; 8 Cal. Code of Regulations. Section 11040, subdivision 3(A).) Workers must be paid regular wages for hours worked and overtime premium pay in the amount of one (1) and one-half times each employee's regular rate of pay for any work in excess of eight (8) hours in one working day (Id.).

37.     Workers must also be paid double-time premium pay in the amount of double each employee's regular rate of pay, for any work in excess of twelve (12) hours in one day and any work in excess of eight (8) hours on any seventh day of a workweek (Id.)

38.     Defendants failed to provide Plaintiff with all correct and accurate compensation that is owed. Plaintiff was required to work throughout various and extensive hours of work, however, was not accorded appropriate overtime compensation by Defendants. By failing to pay all overtime compensation owed to Plaintiff, Defendants violated Labor Code §§ 204, 510, 1194 and Wage Order 8-2001 and 17-2001.

39.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has been deprived of all overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

/ / /

COMPLAINT FOR DAMAGES

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Against All Defendants)**

40.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

41.     California Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.

42.     As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not furnish Plaintiff with accurate, itemized wage statements containing all information required by the Labor Code. Further, Plaintiff was not furnished accurate, itemized wage statements that clearly and specifically identified premiums paid for missed meal and rest periods, all hours Plaintiff actually worked and all overtime compensation, for such overtime hours worked.

43.     Among other harms, Plaintiff suffered from Defendants' inadequate wage statements because Plaintiff was not able to learn that he was entitled to meal or rest period premiums, and all overtime compensation owed.

44.     California Labor Code §§ 226, 1174, 1174.5, and Wage Order No. 7(a), mandates an employer to keep accurate records, including the number of hours worked, rate of pay for each hour, and total wages owed. It is an offense for an employer to fail to keep track of the hours their employees work (Labor Code § 215.)

45.     To the extent that Defendants have made any payments for meal and/or rest period premiums, or made all appropriate overtime compensation owed to Plaintiff, these sums were not identified as such on Plaintiff's itemized wage statements. The failure to include all meal and/ or rest period premiums and all overtime compensation on Plaintiff's wage statements

constitutes inaccurate record keeping and confuses Plaintiff, who would have learned about his right to such premiums and the extent of his overtime compensation owed, if such were identified on his wage statements.

46.     Defendants knowingly and intentionally failed to comply with Labor Code § 226(a) on numerous wage statements provided to Plaintiff.

47.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

## SIXTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200-17208

### (Against All Defendants)

48.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

49.     California Business & Professions Code §§ 17200, *et seq*., prohibit acts of unfair competition, which includes any "unlawful and unfair business practices." It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

50.     Through the conduct alleged herein, Defendants acted contrary to these public policies and have engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§ 17200, *et seq*., by depriving Plaintiff his rights, benefits, and privileges guaranteed to employees under California law.

51.     Additionally, and throughout Plaintiff's employment with Defendants, Defendants had committed unlawful, unfair, and/or fraudulent business acts and practices, as defined, and in violation of Business & Professions Code §§ 17200, *et seq*., by failing to pay all overtime wages, failing to provide all meal and rest breaks, failing to pay all premiums for said missed and/ or interrupted meal and rest breaks and furnish timely and accurate wage statements.

9

**COMPLAINT FOR DAMAGES**

52.     By engaging in these business practices, which are unfair business practices within the meaning of Business & Professions Code §§ 17200, *et. seq*., Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff. Defendants must disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to § 17203 of the California Business and Professions Code.

## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

### (Against All Defendants)

53.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

54.     "[T]he purpose of… section 1102.5(b) is to 'encourag[e] workplace whistleblowers to report unlawful acts without fearing retaliation.'" (*Diego v. Pilgrim United Church of Christ* (2014) 231 Cal.App.4th 913, 923.)

55.     At all times relevant, California Labor Code § 1102.5 was in effect and binding on Defendants. This section requires Defendants to refrain from retaliating against an employee, such as Plaintiff, for reporting, complaining and/ or opposing in an activity that Plaintiff reasonably believes would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

56.     Plaintiff had a reasonable belief that Defendants were violating California state and labor code laws and reported these violations to Defendants' upper management personnel. Specifically, Plaintiff made these findings and complaints to Aguirre, occurring in or around December 2018.

57.     Consequently, Defendants retaliated against Plaintiff for his whistleblowing, by, amongst other wrongful acts, disregarding Plaintiff's assertions and pleas for relief, failing to appropriately and adequately investigate Plaintiff's complaints/assertions, and proceeding to constructively terminate Plaintiff's employment, occurring on or about February 6, 2019.

58.     As such, by committing the aforementioned retaliatory acts, Defendants are in

YOOSEFIAN
LAW FIRM,P.C.
135 SOUTH JACKSON STREET, SUITE 203
GLENDALE, CALIFORNIA 91205

**COMPLAINT FOR DAMAGES**

violation of California Labor Code § 1102.5.

59.    As a direct and proximate result of such retaliatory conduct, Plaintiff has suffered damages according to proof.

60.    Plaintiff requests all available relief under California Labor Code § 1102.5, including damages and the imposition of a civil penalty of $10,000.00, for each violation.

## EIGHTH CAUSE OF ACTION

## WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLCY

### (Against All Defendants)

61.    Plaintiff restates and incorporates by this reference each and every preceding paragraph in this Complaint as though fully set forth at this point.

62.    At all relevant times herein mentioned, Plaintiff was fully qualified and competent to perform the duties assigned.

63.    At all times relevant to this action, Defendants and Plaintiff were in an employer-employee relationship.

64.    "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170.)

65.    "Constructive discharge occurs when the employer's conduct effectively forces an employee to resign. Although the employee may say, 'I quit,' the employment relationship is actually severed involuntarily by the employer's acts, against the employee's will. As a result, a constructive discharge is legally regarded as a firing rather than a resignation." (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1244-1245.)

66.    Throughout Plaintiff's employment with Defendants, Plaintiff was made to undergo unlawful employment practices. At times during his employment, Plaintiff would be required to remain on duty during his meal and/ or rest breaks and accomplish overtime hours, however, Plaintiff would not be compensated appropriately for his time. More so, even after

making his complaints and requests for proper overtime compensation from Defendants' upper management, including but not limited to Aguirre, Defendants failed to provide any relief, dismissed Plaintiff's assertions and continued to subject Plaintiff to the aforementioned intolerable working conditions.

67. As stated hereinabove, beginning in or around December 2018, Plaintiff complained about Defendants' failure to accurately compensate Plaintiff for overtime hours worked, and Defendants' failure to provide Plaintiff with proper meal and rest breaks.

68. As a result of Plaintiff's complaints, Defendants constructively and wrongfully terminated Plaintiff's employment, occurring on or about February 6, 2019. In so doing, Defendants acted maliciously, fraudulently, oppressively, and with the wrongful intention of injuring Plaintiff.

69. Plaintiff was wrongfully and constructively terminated in violation of various fundamental public policies underlying California state laws. Specifically, Plaintiff was terminated after Defendants refused to compensate Plaintiff for his earned wages, despite Plaintiff raising his concerns. California Labor Code sections and controlling case law, including *Burton v. Covenant Care,* (2002) 99 Cal.App.4th 1361, which holds that Labor Code section 923 provides the basis for the instant public policy claim:

> [T]he public policy of this State is declared as follows: [I]t is necessary that the individual workman have full freedom of association ... to negotiate the terms and conditions of her employment, and that she shall be free from the interference, restraint, or coercion of employers of labor, or their agents, in ... concerted activities for the purpose of ... mutual aid or protection ... The very purpose of the statute is to protect employees who want to discuss some aspect of their compensation, for example, a possible increase in pay, perceived disparities in pay, or the awarding of bonuses.
>
> Id. at 1374, 1376-1377.

70. California courts consistently recognize a fundamental public policy protecting an employee's right to protest compensation issues. *Burton*, *supra,* at 1377 (employees may sue for

YOOSEFIAN LAW FIRM, P.C.
135 SOUTH JACKSON STREET, SUITE 203
GLENDALE, CALIFORNIA 91205

wrongful discharge involving a bonus, as "a bonus comes within the definition of 'wage'"); *Phillips v. Jemini Moving Specialties,* (1998) 63 Cal.App.4th 563 (employee may sue for wrongful discharge on the basis of retaliatory firing for disputing wage deductions); *Gould v. Maryland Sound Industries,* (1995) 31 Cal.App.4th 1137 (employee may sue for wrongful discharge on the basis of retaliatory firing for disputing overtime and other wages due).

71.   As a proximate result of Defendants' wrongful and constructive termination of Plaintiff's employment, in violation of fundamental public policies, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental and physical pain, and anguish, all to his damages, in a sum according to proof.

72.   As a result of Defendants' wrongful and constructive termination of Plaintiff's employment, Plaintiff suffered general and special damages, in sums according to proof.

73.   Defendants' wrongful and constructive termination of Plaintiff's employment was done intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for this Court to grant the following relief against Defendant(s):

1.       For damages according to proof, including: loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and other employment benefits;

2.       For interest on the amount of losses incurred, including: loss of past and future earnings, unpaid overtime compensation, meal and rest period premiums, and other employee benefits;

3.       For prejudgment interest on lost wages, unpaid overtime compensation, meal and rest period premiums, and other employment benefits;

4.       For general damages according to proof with interest thereon;

5.       For special damages according to proof with interest thereon;

6.       For punitive damages according to proof with interest thereon;

7.       For penalty pursuant to Labor Code § 203 for Plaintiff's daily wage times thirty days;

8.       That Defendants be found to have engaged in unfair competition in violation of §§ 17200, et. seq. of the California Business and Professions Code;

9.       That Defendants be ordered and enjoined to make restitution to Plaintiff due to Defendants' unfair competition, including disgorgement of its wrongfully withheld wages, penalties and/or penalty wages, pursuant to California Business and Professions Code §§ 17202, 17203, and 17204;

10.      That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

11.      That Defendants further be enjoined to cease and desist from unfair competition in violation of §§ 17200, et seq. of the California Business and Professions Code;

12.      For attorneys' fees pursuant to Labor Code §§ 1194, 218.5, 226, (and under all other applicable statutes) interests and costs of suit; and

13.      For such other and further relief as the Court deems just and proper.

**COMPLAINT FOR DAMAGES**

DATED: August 11, 2020

**YOOSEFIAN LAW FIRM, P.C.**

By: _____
Ronald Yoosefian, Esq.
Susana Oganesian, Esq.
Frank Gerald Chica, Esq.

*Attorneys for Plaintiff,*
Roberto Cardenas

15

**COMPLAINT FOR DAMAGES**

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims so triable.

DATED: August 11, 2020

**YOOSEFIAN LAW FIRM, P.C.**

By:

Ronald Yoosefian, Esq.
Susana Oganesian, Esq.
Frank Gerald Chica, Esq.

*Attorneys for Plaintiff,*
Roberto Cardenas

YOOSEFIAN LAW FIRM, P.C.
135 SOUTH JACKSON STREET, SUITE 203
GLENDALE, CALIFORNIA 91205