Case 2:20-cv-08567-VAP-PD   Document 1-4   Filed 09/18/20   Page 1 of 13   Page ID #:37

Electronically FILED by Superior Court of California, County of Los Angeles on 09/16/2020 01:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez, Deputy Clerk

David L. Cheng (SBN 240926)
Min K. Kim (SBN 305884)
FORD & HARRISON LLP
350 S. Grand Avenue, Suite 2300
Los Angeles, CA  90071
Telephone:   (213) 237-2400
Facsimile:    (213) 237-2401

Attorneys for Defendants,
DENNY'S, INC. and DFO, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ROBERTO CARDENAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DENNY'S, INC., a Florida corporation; DFO, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:  20STCV30280<br>Assigned to Hon. Fernando L. Aenlle-Rocha, Dept. 39<br><br>**DEFENDANT DENNY'S, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:  August 11, 2020 |

Defendant Denny's, Inc. ("Defendant"), by and through their counsel of record, hereby answers the unverified Complaint ("Complaint") of Plaintiff Roberto Cardenas ("Plaintiff") as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof, on the part of Defendant or anyone acting on its behalf.  Without conceding that it has the burden of proof or persuasion, Defendant also asserts the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Facts Insufficient to State Any Cause of Action)**

1. The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. The Complaint as a whole, and each purported cause of action alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to Code of Civil Procedure sections 335.1, 338, 339, 340 and 343; California Labor Code section 203; California Government Code sections 12960(d) and 12965(b); and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE

**(Lack of Standing)**

3. Plaintiff's claims and allegations, including, but not limited to, his allegations regarding his prayer for recovery are barred, in whole or in part, because Plaintiff lacks standing to assert or recover them or for which Plaintiff is not afforded a private right of action.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

4. Without admitting any facts pled by Plaintiff, Defendant alleges that if Plaintiff has sustained any loss, injury or damages either as alleged in the Complaint or at all, which Defendant expressly denies, the same were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations to Defendant, and failure to take actions to mitigate these losses, injuries, or damages.

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

5. The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff has expressly and/or impliedly waived the right to assert such causes of action by virtue of his verbal and/or written expressions or conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

6. Plaintiff is barred from proceeding with this action on the ground that Plaintiff is guilty of laches in failing to timely commence this action, which has prejudiced Defendant in its ability to discover adequate witnesses, testimony, facts, and evidence to support Defendant's defenses.

**SEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

7. Plaintiff's claims and damages, if any, are barred, in whole or in part, by the doctrine of after-acquired evidence.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8. Defendant is informed and believes and thereon alleges that Plaintiff, by his own conduct, is guilty of unclean hands, which completely bars or reduces recovery, if any, to which he may be entitled, all in accordance with proof at trial.

**NINTH AFFIRMATIVE DEFENSE**

**(Consent)**

9. The Complaint, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the Complaint, Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

///

///

///

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

10. Plaintiff failed to exhaust available administrative remedies and is therefore precluded from obtaining any relief under his claims in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages and/or Penalties)

11. Plaintiff is precluded from recovering the damages alleged in the Complaint because those damages and/or penalties are too vague, ambiguous, excessive, unreasonable, uncertain and speculative to permit recovery.

## TWELFTH AFFIRMATIVE DEFENSE

### (Release)

12. The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff has released and waived any and all claims he may have against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance and Good Faith)

13. Defendant asserts that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant exercised reasonable care and compensated Plaintiff in a manner that Defendant believed, in good faith, complied with the applicable laws and provisions, including the Labor Code and the IWC Wage Orders. As such, a good faith dispute exists as to alleged monies, wages and/or penalties owed. Moreover, any alleged deficiencies were subject to cure, and therefore any penalties would be barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

14. Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiff did not inform Defendant of any alleged retaliation, emotional distress, failure to pay for overtime, failure to provide meal and/or rest periods, inclusive of any of Plaintiff's claims in this lawsuit, prior to filing a lawsuit. Plaintiff, therefore, did not provide

Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time the Complaint was filed.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Good Faith Belief Acting Under Legal Right in Permissible Way)**

15. Defendant asserts that in good faith and without fraud, oppression or malice against Plaintiff or his rights, it believed it was acting under a legal right and did no more than insist upon these legal rights in a permissible way.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Conduct of Other Parties)**

16. Defendant alleges the Complaint, and each purported cause of action contained therein, or some of them, are barred because Defendant is informed and believes, and thereon alleges, that any damages allegedly incurred by Plaintiff as a result of Defendant's acts, errors, representations or omissions were caused or contributed to in whole or in part by the acts, errors, representations and/or omissions of persons other than Defendant, and Plaintiff's recovery, if any, should be exclusively against such others and not against Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Mixed Motive)**

17. In the event that Plaintiff proves any wrongful acts by Defendant, the adverse employment actions about which Plaintiff complains would have been the same even if the alleged wrongful motive played no role.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Pre-existing Condition)**

18. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendant.

///

///

///

## NINETEENTH AFFIRMATIVE DEFENSE

**(Intervening Acts of Others)**

19. Defendant alleges that the injuries and damages sustained by Plaintiff were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Avoidable Consequences Doctrine)**

20. Defendant asserts, without admitting that it engaged in any of the acts or conduct attributed to it in the Complaint, that Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences he allegedly suffered. Plaintiff is barred from recovering any damages that he could have been avoided with reasonable effort by, *inter alia*, taking advantage of Defendant's internal complaint procedures.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Plaintiff was Authorized and Permitted to Take All Legally-Required Meal/Rest Periods)**

21. Defendant alleges that Plaintiff was authorized and permitted to take all legally-required meal and/or rest periods; and Defendant did not prevent, coerce, or dissuade Plaintiff from taking said meal and/or rest periods or otherwise encourage or incentivize Plaintiff to forego taking said meal and/or rest periods.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Lawful Part of Business Operations)**

22. Defendant alleges the Complaint, and each purported cause of action contained therein, is barred because the alleged conduct, if true, would be an essential lawful part of Defendant's business operations and/or consistent with industry practice.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

23. By virtue of his conduct, Plaintiff should be estopped from asserting any of the causes of action in the Complaint against Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Set Forth Facts for Punitive Damages)

24. As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendant asserts, without admitting that it engaged in any of the acts or conduct attributed to it in the Complaint, that Plaintiff's Complaint fails to set forth facts sufficient to establish a claim for punitive or exemplary damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

25. Any recovery on Plaintiff's Complaint is barred on the ground that every action taken with respect to Plaintiff was done out of business necessity.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Protected Activity)

26. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, Defendant asserts that Plaintiff did not engage in protected activity, including but not limited to any activity protected under California's Government and Labor Codes.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

27. As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendant asserts that Plaintiff's claims are barred in that he failed to perform his obligations existing under statute.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

28. The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff asserts a claim or claims for emotional distress, pain and suffering, mental pain and anguish, humiliation, embarrassment, and anxiety, his claims are barred by the exclusive remedy provisions of the California Workers' Compensation Act.

///

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Defendant Fully Performed All Duties and Obligations Owed to Plaintiff)

29. As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendant alleges that any duty or obligation, contractual, statutory or otherwise, which Plaintiff claims was owed to him by Defendant has been fully and faithfully performed, satisfied, and/or discharged.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Comply with the Employer's Directions)

30. Without admitting any facts pled by Plaintiff, Defendant asserts that if Plaintiff has sustained any loss, injury or damages either as alleged in the Complaint or at all, which Defendant expressly denies, Plaintiff failed to comply with the directions of Defendant concerning the service on which it was engaged and such obedience to Defendant's directions was neither impossible nor unlawful and would not impose new and unrealistic burdens. To the extent Plaintiff has sustained any loss, injury or damages as alleged in the Complaint, they were directly and proximately caused and/or exacerbated by Plaintiff's own conduct, promises and representations to Defendant, and failure to take actions to mitigate these losses, injuries, or damages. To the extent that Plaintiff failed to follow Defendant's directions regarding meal periods, rest periods, he is barred from seeking recovery pursuant to California Labor Code section 2856.

## THIRTY–FIRST AFFIRMATIVE DEFENSE

### (No Violation of Any Constitutional Provision, State Statute or Regulation)

31. As a separate and affirmative defense to the Complaint, and to each and every alleged cause of action contained therein, Defendant asserts, without admitting that it engaged in any of the acts or conduct attributed to it in the Complaint, that Plaintiff's causes of action are barred because Defendant did not violate any constitutional provision, state statute, regulation, or other substantial public policy of the State of California as alleged in the Complaint. To the contrary, Defendant has fully and faithfully performed, satisfied, and/or discharged any duty or obligation – contractual, statutory or otherwise – that Plaintiff claims Defendant owed to him.

## THIRTY–SECOND AFFIRMATIVE DEFENSE

### (No Authorization, Adoption, or Ratification)

32. Defendant asserts that the Complaint, and each purported cause of action contained therein, or some of them, are barred because assuming *arguendo* that Plaintiff's allegations are true, such allegations were committed outside the course and scope of employment, were not authorized, adopted or ratified by Defendant, and/or Defendant did not know, nor should it have known of such conduct.

## THIRTY- THIRD AFFIRMATIVE DEFENSE

### (Penalties and Premium Pay Not Available)

33. Plaintiff's claims for penalties, including but not limited to penalties under Labor Code sections 226 and 203 are barred in whole or in part, because Plaintiff has not alleged, and cannot allege, facts demonstrating that Defendant's conduct was willful or harmful. Without admitting any facts pled in the Complaint, Defendant asserts that it engaged in lawful conduct that was with cause and justification, and Defendant is not liable for any purported injuries or claims which Plaintiff now alleges.

## THIRTY- FOURTH AFFIRMATIVE DEFENSE

### (Failure to Show Any Facts of Refusal to Make Payment or False Denial of the Amount or Validity of Wages)

34. Defendant asserts that the Complaint, and each purported cause of action contained therein, is barred in whole or in part because Defendant exercised reasonable care and compensated Plaintiff in a manner that Defendant believed, in good faith, complied with the applicable laws and provisions, including the Labor Code and the IWC Wage Orders. Plaintiff has failed to allege facts showing that any person, agent, manager, superintendent, or officer of Defendant willfully, knowingly or intentionally refused to pay wages due and payable after a demand had been made or falsely denied the amount or validity thereof, with the intent to secure for Defendant any discount upon which such indebtedness, or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom indebtedness was due. As such, a good faith dispute exists as to alleged monies, wages and/or penalties owed. Moreover, any alleged

deficiencies were subject to cure, and therefore any penalties would be barred.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Failure to Show Intentional Violation of Wage Statements)**

35.     Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff has failed to allege any facts showing that Defendant, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code section 226.  Plaintiff, therefore, has no claim pursuant to California Labor Code sections 226(e) and/or 226.6.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Failure to Show Injury Based on Inaccurate Wage Statements)**

36.     Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff cannot show that he has suffered the requisite "injury" required to have standing to maintain a claim for failure to provide accurate wage statements pursuant to California Labor Code section 226(e).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Unfair Competition)**

37.     Plaintiff's purported Sixth Cause of Action is barred because the alleged practices are not unlawful or unfair, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such alleged practices and the benefits of the alleged practices outweigh any alleged harm or other impact it may cause.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Failure to Show Non-Payment of Overtime)**

38.     Any recovery on Plaintiff's Complaint with respect to the allegations of failure to pay overtime is barred because Plaintiff was not entitled to overtime compensation, additional or otherwise, under the California Labor Code, the applicable wage orders of the California Industrial Welfare Commission, and/or applicable federal law.

///

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Waiver of Meal Periods)**

39. Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff signed legally valid written waivers of any meal periods, or voluntarily skipped, delayed or cut short any provided meal periods.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Waiver of Rest Periods)**

40. Plaintiff's Complaint, and each claim contained therein, is barred to the extent that Plaintiff voluntarily skipped, delayed or cut short any authorized and permitted rest periods.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Unstated Affirmative Defense)**

41. Defendant alleges that it may have additional, as yet unstated, defenses available. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defenses contained herein at any time. Defendant reserves the right to assert additional defenses as information is gathered through discovery and investigation. In asserting these defenses, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof and/or persuasion with respect to any matter as to which Plaintiff has the burden of proof or persuasion.

**PRAYER**

WHEREFORE, Defendant DENNY'S, INC. prays that:

1. The Complaint be dismissed in its entirety with prejudice, and that Plaintiff take nothing by the Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant DENNY'S, INC.;

3. Defendant DENNY'S, INC. be awarded its costs of suit and reasonable attorneys' fees if allowable by law; and

4. For such other relief as the court may deem just and proper.

Dated: September 16, 2020

Respectfully submitted,

FORD & HARRISON LLP

By: _____
    David L. Cheng
    Min K. Kim
    Attorneys for Defendants,
    DENNY'S, INC. and DFO, LLC

# PROOF OF SERVICE

I, Lillian Marquez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **September 16, 2020**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT DENNY'S, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

| | |
|---|---|
| Ronald Yoosefian, Esq.<br>Susana Oganesian, Esq.<br>Frank Gerald Chica, Esq.<br>YOOSEFIAN LAW FIRM, P.C.<br>135 South Jackson Street, Suite 203<br>Glendale, CA  91205<br> Tel:    (818) 275-1529<br> Fax:   (818) 275-1747 | Attorneys for Plaintiff,<br>ROBERTO CARDENAS |

☒ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL:** By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed below. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 16, 2020**, at Los Angeles, California.

*/s/ Lillian Marquez*
Lillian Marquez